■ JANE R. ADLER, Respondent, v JOEL A. ADLER, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), dated September 26, 1989 and entered January 4, 1990, granting plaintiff's motion directing defendant to pay her the sum of $422,000 pursuant to a prior stipulation of settlement, without condition or qualification, no later than October 1, 1989; and order of said court, entered October 11, 1989, *inter alia,* directing that the defendant pay interest on that portion of the aforementioned sum not paid to plaintiff and permitting plaintiff to remain in the marital residence through February 1, 1990, unanimously affirmed, without costs.

On June 29, 1989, the parties entered into a stipulation of settlement of their matrimonial action which, *inter alia,* provided that the defendant pay to plaintiff $422,000 on or before October 1, 1989. The payment was conditioned on plaintiff signing those documents necessary to assign her interest in the partnership owning the building in which the marital residence was located and necessary to transfer to the defendant all her rights, title and interest in the land and building. The stipulation of settlement was incorporated into the decree of divorce.

On August 15, 1989, the defendant informed plaintiff that he would make the payment to her during the week of September 25, 1989, at which time she and the parties' children were to vacate the residence. Because plaintiff had contracted to purchase another apartment requiring extensive renovations and would be unable to vacate at that time, she moved, *inter alia,* (a) to direct the defendant to pay the lump sum on October 1, 1989 without condition or qualification, (b) to enjoin the defendant from interfering with her and the

children's occupancy of the marital residence until she obtained a habitable alternative residence, and (c) to enjoin the defendant from charging her rent therefor.

On the return date of the motion, plaintiff's counsel did not timely appear and the motion was adjourned for three weeks. When counsel later appeared, the court, ex parte, rescheduled the return date to September 26, 1989. On the return date, the court granted the motion, holding that the stipulation was unequivocal with regard to defendant's obligation to pay his distributive share on October 1st. Defendant thereafter obtained a stay from this court to the extent of directing that $25,000 be held in escrow. The Supreme Court then determined the balance of the motion, *inter alia,* directing defendant to pay interest on that portion of the lump sum paid after October 1, 1989 and requiring plaintiff to vacate the premises by February 1, 1990.

Contrary to the defendant's contentions, the stipulation of settlement contained no requirement that plaintiff vacate the premises upon payment of the lump sum. It was within the discretion of the Supreme Court to allow plaintiff and the parties' children to retain occupancy of the marital residence for a fixed period of time without rent. (Domestic Relations Law § 234.) Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.